**In re Pymatuning Lake**

PACKEL, Attorney General, July 3, 1974.—We have received a request for an opinion from your department asking whether the Act of July 23, 1971, P. L. 233 (No. 49), sec. 1, 71 PS §1840(5), is a valid enforceable law, absent the express consent of the Congress of the United States.

Act No. 49, 71 PS §1840, is an amendment to a compact with the State of Ohio concerning Pymatuning Lake. It provides as follows:

"No hydroplanes or aquaplanes nor any type of boat equipped with a motor in excess of a ten horsepower rating shall be permitted anywhere on said lake, except such police or administration motor boats, to the number which shall be mutually agreed upon by the parties hereto. Sail boats, row boats, canoes, and boats equipped with a motor not in excess of ten horsepower shall be permitted, provided the owners first obtain a license from the respective state of which the owner is a resident under such regulations as each party to this agreement may now have or hereafter adopt: Provided, nevertheless, That the use of any type of boats equipped with a motor not in excess of ten horsepower, as defined above, is expressly limited and restricted to that portion of the lake extending from the main dam near Jamestown northwardly to the causeway at or near Linesville: *And provided further, That any boat equipped with a motor in excess of ten horsepower rating may be operated on said lake*

*if such motor is rendered inoperable by removal of the propeller and such propeller is left ashore. After removal of the propeller, a motor of not more than ten horsepower rating may be attached to the boat and used for propelling the boat on said lake.*

"Nothing contained in this subdivision shall be interpreted to effect a change in the level or flow of water as determined or fixed by the Department of Environmental Resources.

"Any one who violates any of the provisions of this subsection or who operates any boat equipped with a motor on the lake without being authorized to do so under the provisions of this subdivision, shall, upon conviction thereof, be sentenced to pay a fine not to exceed fifty dollars ($50) and costs of prosecution, and, in default of payment of the fine and costs, shall undergo imprisonment not to exceed thirty days": Act of July 23, 1971, P. L. 233 (No. 49), sec. 1. (Amendment italicized.)

The act amends the prior statute by allowing boats equipped with motors greater than 10 horsepower to operate on the lake provided that the motor is rendered inoperable by removing the propeller and leaving it on the shore. Normally such an amendment would present no problems. However, the statute amended here is part of an interstate compact entered into between the Commonwealth of Pennsylvania and the State of Ohio. The terms of this compact, therefore, are subject to the United States Constitution which provides, inter alia, that:

"No State shall, without the consent of Congress . . . enter into any agreement or compact with another State": United States Constitution, art. I, sec. 10, cl. 3.

The question presented is whether Act No. 49, supra, is the type of amendment or alteration to the original compact which requires the consent of Con-

gress for it to become effective. It is my conclusion that it is not.

In Henderson v. Delaware River Joint Toll Bridge Commission, 362 Pa. 475 (1949), cert. den. 338 U. S. 850, 70 S. Ct. 94, 94 L. Ed. 520, our Supreme Court was presented with a question not dissimilar to the one presented here. In that case, a compact between Pennsylvania and New Jersey, creating the Delaware River Joint Toll Bridge Commission came into question. That compact had been enacted in 1934. It provided, in part, that the commission could "enter upon, use, occupy, . . . any street, road or highway, located within the limits of any municipality . . . , subject however to the consent of the governing body of such municipality."

A project was begun by the commission which provided for the occupation of certain roads located within the City of Easton and the Borough of Morrisville. The City of Easton duly authorized the occupation, while the Borough of Morrisville refused. Nevertheless, the commission continued its project, alleging that the approval of the Borough of Morrisville was unnecessary. A taxpayer's suit then was filed.

Subsequent to the filing of the suit, the Pennsylvania General Assembly passed Act No. 35, which became effective on March 31, 1949. This act provided that consent of the municipality was no longer necessary in order for the commission to occupy lands contained therein. The commission filed an amended answer to the original complaint, setting up the Act of 1949, supra, as conclusive of the issues adversely to plaintiffs. The borough responded that the act was without effect, since neither the State of New Jersey nor the Congress of the United States had approved it.

In concluding that the consent of Congress was not necessary in this instance, the court stated:

"Congressional consent is not necessary to every step taken by a State in an effort to carry out a duly approved compact with another State. In Virginia v. Tennessee, 148 U. S. 503, 519, Mr. Justice Field, speaking for the Supreme Court, said,—'Looking at the clause [of the Constitution, Article I, sec. 10, cl. 3] in which the terms "compact" or "agreement" appear, it is evident that the prohibition is directed to the formation of any combination tending *to the increase* of political power in the States, which may encroach upon or interfere with the just supremacy of the United States.' And, in Stearns v. Minnesota, 179 U. S. 223, 246, where the doctrine of Virginia v. Tennessee, supra, was approved, Mr. Justice Brewer said that '. . . in the opinion in that case it was intimated that there were many matters in respect to which the different States might agree without formal consent of Congress.' We cite these authorities merely to show that *congressional consent is not slavishly required in respect of each and every matter relating to or growing out of a congressionally approved 'compact' or 'agreement' between States"*: Henderson v. Delaware River etc., Comm., supra, at page 486. (Italics supplied.)

The court went on to say that the act in question "did not increase the political power of the contracting States in encroachment upon or interference with the just supremacy of the United States." Furthermore, the court concluded that it was "within the competency of a State . . . to legislate in respect to matters covered by the compact so long as such legislative action is in approbation and not in reprobation of the compact."

Whereas the court additionally discussed why New Jersey's consent was unnecessary, we are not confronted with that situation here, since the State of

Ohio has previously approved the legislation in question.

Act No. 49 neither encroaches upon the supremacy of the United States Government; nor is it in "reprobation" of the existing compact. Matters of this nature, which do not go to the substance of the compact itself, do not need the approval of Congress for them to become effective. While it would be preferable for Congress to consent to all such amendments, it is my opinion, and you are so advised, that such approval is not a necessary prerequisite to the effectiveness of Act No. 49.